ANNIE T. WILLIAMS

*v.*

HARRY L. WILLIAMS.

[Decided December 10th, 1912.]

1. It is an inflexible rule in this state that a divorce will not be granted upon the uncorroborated testimony of a party to the suit; and this applies not only to the cause for divorce but to every necessary element in the proofs.

2. Under the above rule, petitioner's testimony that a certain letter of the defendant to her solicitor was written by him, is insufficient to establish the letter as an element in the proofs, unless the fact that the letter is in the handwriting of the defendant be corroborated.

On exceptions to master's report.

*Mr. James H. Bolitho,* for the petitioner and exceptant.

WALKER, CHANCELLOR.

This is a cause for divorce for desertion. The special master to whom the case was referred in his report says: "That the charge of desertion is supported by the evidence of the petitioner alone, and that there is no corroboration thereof; the parties had not lived together amicably for some time prior to the alleged desertion, and that, there being no children to make each more tolerant of the other's feeling, and while against the consent of the petitioner, the desertion was not disagreeable to her; after the desertion, the continuation thereof was, to some extent, by her acquiescence. And * * * in my opinion the petitioner has not substantiated the truth of the allegation of the said petition as to the cause for divorce, nor has she substantiated the alleged desertion by the proof required by law, and is not entitled to the relief prayed. I do recommend that the petition be dismissed."

Beside the petitioner only two witnesses were sworn, Emma V. Randall, a friend, and Walburga Shaumeyer, the mother of the petitioner. These latter witnesses gave no testimony of value, except that it is to be inferred from the mother's testimony that the parties have not lived together since the alleged desertion.

It is an inflexible rule in our state that a divorce will not be granted upon the uncorroborated testimony of a party to the suit; and this applies not only to the cause for divorce but to every necessary element in the proofs. *Bid. N. J. Div. Pr. (2d ed.) 21,* and cases cited.

Assuming the desertion proved, there must still necessarily be proof of its willfulness. In this connection counsel argues that a letter written by the defendant to the petitioner's solicitor, November 24th, 1911, in which he said, "Will you very kindly suggest to Miss Shaumeyer (his wife) that the writer is very desirous of writing her a last letter?" proves that the defendant is alive and well and able to return to the petitioner,

and that it is to be inferred from the letter that he has not and never had any intention of returning and that his desertion has been willful. This letter is attached to the brief submitted on the argument of the exceptions, but nowhere in the testimony returned with the master's report do I see any mention of its having been offered in evidence. The only reference to it in the evidence is a question put to the petitioner wherein she was asked, "Did you recognize his (defendant's) signature on a letter which he wrote Mr. Bolitho?" and she answered, "Yes, sir." It did not appear that the letter was then and there exhibited to her, and, as already stated, it appears not to have been offered in evidence. Assuming that it was offered, and that the writing (or signature) was thus shown to be that of the husband, and, assuming further, that that letter, if proved, would afford sufficient corroboration to make out the petitioner's case, it nevertheless fails of that purpose because the proof of the letter comes from the petitioner alone, and she is not, in that respect, corroborated.

In *Sterling* v. *Sterling, 71 N. J. Eq. (1 Buch.) 59,* it was held that in a suit for divorce the uncorroborated testimony of one of the parties is insufficient to establish *any* of the essential facts. One of the essential facts alleged in that case was the possession by the complainant of a key which he found would open the door of a house in which he says a man lived whom he suspected of being intimate with his wife. Chancellor Magie remarked (at *p. 61*) : "There is corroboration that the key which complainant had would open the front door of a certain house, but there is no corroboration of complainant's testimony that the key came from the possession of the defendant, nor that the house was one in which the man in question lived, nor that there had ever been any undue familiarity between the defendant and that man."

Now, what was said in that case (*Sterling* v. *Sterling*) about the key, may be said as well in this case about the letter. Assuming that the proof is that the petitioner's solicitor received a letter from the defendant making what amounts to damaging admissions, there is no corroboration of petitioner's testimony that the letter (or signature) is in the handwriting of the de-

fendant. This alone is fatal to the petitioner's case on the question of the authorship of that letter.

The exceptions must be overruled and the master's report confirmed.